UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KATHY EADES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-cv-1416 |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint as untimely pursuant to 42 U.S.C. § 405(g) (Doc. 9). Plaintiff was given until June 18, 2010 to respond to Defendant's Motion, and failed to do so.[1] Pursuant to Local Rule 6.1(B)(2), if no response is timely filed, the Court will presume there is no opposition to the motion and may rule without further notice to the parties.

Defendant's Motion seeks to dismiss Plaintiff's Complaint because it was not filed in this Court within the sixty-day statute of limitations period specified in § 405(g). That section provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain

---

[1] On June 15, 2010, Plaintiff filed a Motion for Reconsideration of Defendant's Motion, which appeared to seek an extension of time to respond (Doc. 10). This Court terminated the Motion and gave Plaintiff until June 18, 2010 to file a proper motion for extension of time to respond, or to respond to the Motion to Dismiss. (Text Order 6/15/2010). Plaintiff did neither.

> a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

In order to seek additional time to file from the Commissioner, Plaintiff must make a written request to the Appeals Council explaining why the action was not filed within the sixty-day time period. 20 C.F.R. § 404.982. The Appeals Council will grant additional time if Plaintiff shows good cause, such as a serious illness, the destruction of records, failure to receive notice of the determination or decision, or the good faith sending of a request to another Government agency. 20 C.F.R. § 404.911.

Here, the Appeals Council denied Plaintiff's request for review of an ALJ decision that she was not disabled on October 9, 2009. (Doc. 9 at 2). Plaintiff is presumed to have received notice of this decision by October 14, 2009. *See* 20 C.F.R. § 404.901. Accordingly, she had until December 13, 2009 to file her Complaint in this Court. However, her Complaint was not filed until December 22, 2009. (Doc. 4). Plaintiff has not made any showing that she sought an extension of time to file from the Appeals Council. To the extent she can be construed to have made an argument to this Court regarding the cause for delay, she alleged that her counsel erred in sending the Complaint to an unidentified third party, not a court or any other government agency. (See Doc. 10). Such an argument would not only fail to constitute "good cause" for the delay pursuant to Social Security Regulations, but it is also an argument that should have been made to the Appeals Council. *See* 42 U.S.C. § 405(g); *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) ("in most cases

the [Commissioner] will make the determination whether it is proper to extend the period within which review must be sought").

The sixty-day statute of limitations is a condition on the waiver of sovereign immunity, and must be strictly construed. *Bowen*, 476 U.S. at 479. While the government may waive this defense by failing to raise it, it has not done so here. Further, although at times there are circumstances such that the "equities in favor of tolling the limitations period are *so great* that deference to the agency's judgment is inappropriate," there has been no showing that such circumstances exist here. *See Bowen*, 476 U.S. at 480 (emphasis added) (finding that equitable tolling was justified because secretive conduct of the Government had prevented the plaintiffs from knowing that their rights had been violated within the specified time period).

Because Plaintiff failed to file this action within the sixty-day period provided for in § 405(g), Defendant's Motion to Dismiss must be GRANTED. The Complaint is DISMISSED WITH PREJUDICE. IT IS SO ORDERED.
CASE TERMINATED.


Entered this 28th day of September, 2010.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                  United States Senior District Judge